UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RODNEY L. COLLINS**,

                      Plaintiff,

v.                                                    **Case No. 14-cv-1324-pp**

**WISCONSIN RESOURCE CENTER,
MICHAEL PREBE,
SARAH HILSCHES,
CO REITZ,
CO MILLER,
CO NICHOLS,
CO SENNEH, and
CO WILLIAMS,**

                      Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DKT. NO. 2), DENYING PLAINTIFF'S MOTION TO CORRECT CAPTION (DKT. NO. 9), AND SCREENING PLAINTIFF'S COMPLAINT**

---

The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights while he was housed at the Wisconsin Resource Center. The case comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis*, the plaintiff's motion to correct caption, and for screening of the plaintiff's complaint.

**I.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with

1

his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 27, 2014, the court issued an order directing the plaintiff to pay an initial partial filing fee of $2.81. Dkt. No. 5. The court later granted the plaintiff's motion to waive the initial partial filing fee. Dkt. No. 8. Nevertheless, the plaintiff paid the initial partial filing fee on March 9, 2015. The court will grant the plaintiff's motion for leave to proceed *in forma pauperis*, and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II.   SCREENING OF PLAINTIFF'S COMPLAINT

### A.   Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

3

Case 2:14-cv-01324-PP    Filed 07/10/15    Page 3 of 10    Document 11

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. *Id.* Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

B.   Facts Alleged in the Complaint

The complaint states that on July 3, 2014, the plaintiff was housed at the Wisconsin Resource Center. Dkt. No. 1 at 3. He states that at approximately 3:20 p.m. on that day, while he was being transferred to "the hole," defendant Correctional Officer Hilsches put a lot of pressure on his left leg after he told her his leg had been "messed up" since April and caused him a lot of unbearable pain. *Id.* The plaintiff indicates that, at the same time,

4

defendant Captain Michael Prebe jammed his thumb all the way up under the left side of the plaintiff's jawbone, which made the plaintiff bite a hole in his tongue. *Id.* Prebe also injured the plaintiff's left wrist when he pulled the plaintiff away from the cell door to which he was handcuffed. *Id.* The plaintiff says "also correctional officers Nichols and Reitz," though he does not specify what they did. *Id.*

The plaintiff further alleges that while he was restrained in a wheelchair, defendant Officer Senneh hurt him, causing swelling behind his left ear. *Id.* Officer Senneh also spit in the plaintiff's face and did the same thing Captain Prebe did (putting his thumb up under the plaintiff's jaw). Dkt. No. 1 at 4. The plaintiff's pain did not go away for two weeks.

According to the plaintiff, the defendants used excessive force to further restrain the plaintiff, though he already was in restraints. He alleges that even though he warned the officers that he had medical issues, they used force in the areas where the plaintiff had injuries, causing the plaintiff more pain than necessary. When the plaintiff informed the staff of his injuries, they ignored his complaint of pain. *Id.* at 5.

    C.    <u>Legal Analysis of Alleged Facts</u>

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

5

"Thus, a § 1983 plaintiff must establish that prison officials acted wantonly; negligence or gross negligence is not enough." *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) (citing *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005)).

The plaintiff's complaint states sufficient facts to allow him to pursue an Eighth Amendment excessive force claim as to defendants Hilsches, Prebe, and Senneh. Additionally, though plaintiff simply says "also Nichols and Reitz," that is enough at this stage to suggest that either they were involved in the alleged application of excessive force, or were present and could have intervened to stop the excessive force. The court concludes, therefore, that the plaintiff also states Eighth Amendment claims as to Nichols and Reitz.

The complaint, however, contains no allegations regarding defendants Miller or Williams, and the court will dismiss them as defendants. *See Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008) (only an individual who caused or participated in the alleged constitutional deprivation can be held liable in a §1983 action).

Further, the plaintiff cannot sue the Wisconsin Resource Center, because it is a division of a state agency and is not a "person" within meaning of §1983. *See Will v. Mich Dep't of State Police*, 491 U.S. 58, 66-67, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003); *Smith v. Gomez*, 550 F.3d 613, 618 (7th Cir. 2008). "'[P]risons . . . are not suable entities because they are not persons capable of accepting service of plaintiff's complaints or responding to them.'" *Liske v. Wisconsin*, No. 08-C-

252, 2008 WL 905229, *1 (E.D. Wis. April 2, 2008) (quoting *Maier v. Wood Cnty. Courthouse*, No. 07-C-580-C, 2007 WL 3165825, *2 (W.D. Wis. Oct. 24, 2007)).

### III. PLAINTIFF'S MOTION TO CORRECT CAPTION

On March 4, 2015, the plaintiff filed a motion to correct the caption to replace the Wisconsin Resource Center with Edward Wall, the Secretary of the Wisconsin Department of Corrections. The court suspects that the plaintiff filed this motion because he confused the procedure in a lawsuit filed under §1983 with the procedure required in a habeas corpus petition under 28 U.S.C. §2254. In a *habeas* petition, the petitioner must "name as respondent the state officer who has custody." Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. In a *§1983* case, which is what the plaintiff has filed here, the plaintiff must name the individuals whom he believes violated his rights, not the state official who is holding him in custody.

If, however, the plaintiff is trying to bring a claim against Edward Wall, the court will not allow him to do so. If the plaintiff is trying to sue Edward Wall in his individual capacity, the complaint includes no allegations of personal involvement by Edward Wall. If the plaintiff is trying to bring a claim against Wall in his capacity as a supervisor, the law does not allow plaintiffs to hold supervisors liable for the actions of the people they supervise under §1983. *See Grieveson*, 538 F.3d at 778; *Iqbal*, 556 U.S. at 676. If the plaintiff is trying to bring a claim against Wall in his official capacity, he cannot do so; his complaint asks only for monetary damages, and not injunctive relief. "To the

7

extent [the plaintiff] seeks monetary damages from defendants acting in their official capacity, those claims . . . are dismissed as they are barred by the Eleventh Amendment." *Brown v. Budz,* 398 F.3d 904, 918 (7th Cir. 2005).

## IV. MISCELLANEOUS REQUESTS

In his motion to change the caption, the plaintiff also asked the court to send a briefing schedule to all the parties, and advised the court that he had not received a notice of appearance from any of the defendants. The reason the plaintiff hasn't yet received a briefing schedule or a notice of appearance is because the court does not require the defendants to be served until after it has screened the complaint. And it does not set a briefing schedule until after the defendants have both been served and either answered or otherwise responded to the complaint.

## V. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2). The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $347.19 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary of the Wisconsin Department of Corrections or his designee shall clearly identify the payments by the case name and number assigned to this action.

8

The court **DISMISSES** the Wisconsin Resource Center, CO Miller, and CO Williams as defendants to this action.

The court **DENIES** the plaintiff's motion to correct caption (Dkt. No. 9).

The court **ALLOWS** the plaintiff to proceed on Eighth Amendment claims against defendants Prebe, Hilsches, Reitz, Nichols, and Senneh.

The court **ORDERS** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the court will send electronic copies of plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendants Prebe, Hilsches, Reitz, Nichols, and Senneh.

The court **ORDERS** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Prebe, Hilsches, Reitz, Nichols, and Senneh shall file a responsive pleading to the complaint within **sixty (60) days** of receiving electronic notice of this order.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be

9

served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The court further advises plaintiff that if he does not timely file documents, the court may dismiss his case for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will send copies of this order to the warden of the institution where the inmate is confined.

Dated at Milwaukee this 10th day of July, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge